IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,419-01





EX PARTE RICHARD CHRISTOPHER NEVILLS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. F-2002-0673-C IN THE 211
TH DISTRICT


COURT OF DENTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of more than
$20,000 and sentenced to fifteen years' imprisonment. 

 Applicant contends that his sentence is illegal because he was convicted of a third degree
felony and no enhancements were alleged in the indictment or found to be true in the judgment. The
trial court has not entered any findings, the State has not filed any response, and nothing in this
records shows that any enhancements were alleged or found true. Applicant has alleged facts that,
if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). The 
court shall have the record supplemented with copies of any pleadings alleging that Applicant had
previously been convicted of any felony, and of any documents or reporter's record reflecting that
the court found that Applicant had previously been convicted of a felony. The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on
its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Application is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's punishment was
enhanced by finding that he had previously been convicted of a felony, or as to any other facts which
would authorize the punishment assessed. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 20, 2006

Do not publish